LESLIE J. GIRARD, SBN 098986
County Counsel
SUSAN K. BLITCH, SBN 187761
Chief Assistant County Counsel
SAMUEL B. BEIDERWELL, SBN 280860
Deputy County Counsel
County of Monterey, Office of the County Counsel
168 West Alisal Street, Third Floor
Salinas, California 93901
Telephone: (831) 755-5045
Facsimile: (831) 755-5283
BeiderwellSB@co.monterey.ca.us

Attorneys for Defendant, COUNTY OF MONTEREY

# UNITED STATED DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

| | |
|---|---|
| THERESA I. BUCCOLA,<br><br>  Plaintiffs,<br><br>  vs.<br><br>JOSEPH L. BOUCHER, GREG JOHNSON, GERALD MALDONADO, PAUL TOMASI, CARMEL BY THE SEA, INCORPORATED, COUNTY OF MONTEREY, CHIP RERIG, DOES 1-50<br><br>  Defendants. | CASE NO. 22-cv-03877 NC<br><br>**DEFENDANT COUNTY OF MONTEREY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Complaint Filed: June 30, 2022**<br><br>**Hearing Date: September 7, 2022<br>Time: 1:00 p.m.<br>Magistrate Judge Nathanael Cousins<br>Courtroom 5** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... i

NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT
TO FRCP 12(b)(6) ............................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................... 2

I. INTRODUCTION ................................................................................................. 2

II. LEGAL ARGUMENT ........................................................................................... 2

    A. Applicable Standards ................................................................................ 2

    B. Plaintiff fails to State a *Monell* Claim against the County ..................... 3

    C. Plaintiff's State Law Claims. if any, are Barred by the Government
       Claims Act .................................................................................................. 4

III. CONCLUSION ....................................................................................................... 5

_____i

*Theresa I. Buccola v. Joseph L. Boucher, et al.*                                              Case No. 22-cv-03877-NC
**DEFENDANT COUNTY OF MONTEREY'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF AUTHORITIES

Page

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ...................................................................3

*Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).............................2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ............................................2, 3

*Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) .......................................................3

*Hernandez v. McClanahan,* 996 F. Supp. 975 (N.D. Cal. 1998).......................................4

*Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) ................................2

*Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) .........................................3

*Mangold v. Cal. Public Utilities Comm'n,* 67 F.3d 1470, 1477. (9th Cir. 1995)..............4

*Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) .....................................2, 3, 4

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) ..........3

## Cases – California

*Ard v. County of Contra Costa,* 93 Cal. App. 4th 339, 343 (2001) ..................................4

## Statutes - Federal

42 U.S.C.
    Section 1983 ...............................................................................................................1,2,3

Federal Rules of Civil Procedure
    Rule 12(b)(6) ...............................................................................................1, 2, 3, 4

## Statutes - California

California Government Code
    Section 900...................................................................................................................4

ii

*Theresa I. Buccola v. Joseph L. Boucher, et al.*            Case No. 22-cv-03877-NC
Defendant County of Monterey's Notice of Motion and Motion to Dismiss Pursuant to FRCP 12(b)(6) and Memorandum of Points and Authorities

# NOTICE OF MOTION AND MOTION

# TO DISMISS PURSUANT TO FRCP 12(b)(6)

TO: PLAINTIFF AND HIS ATTORNEY OF RECORD:

**PLEASE TAKE NOTICE** that on September 7, 2022 at 1:00 p.m. or as soon thereafter as the matter can be heard in Courtroom 5 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, CA 95113, Defendant County of Monterey will move the Court for dismissal of the Complaint of Plaintiff Theresa I. Buccola as it pertains to the County of Monterey pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant's motion is made on the following grounds and as more fully set forth in the following memorandum of points and authorities:

1. Plaintiff fails to allege any policy or practice that would subject the County of Monterey to liability under 42 U.S.C. section 1983; and

2. To the extent that Plaintiff asserts any state law claims against the County of Monterey, Plaintiff fails to plead compliance with California's Government Claims Act.

Defendant's motion is based on this notice of motion and motion, on the attached memorandum of points and authorities filed in support of this motion, on all the pleadings and papers in this action, and on any oral argument entertained by the Court during the hearing on this matter.

                                      Respectfully submitted,

Dated: July 29, 2022              LESLIE J. GIRARD
                                      County Counsel

                                      By: /s/ ***Susan K. Blitch***
                                      SUSAN K. BLITCH,
                                      Chief Assistant County Counsel
                                      Attorneys for Defendant,
                                      COUNTY OF MONTEREY

1

*Theresa I. Buccola v. Joseph L. Boucher, et al.*                                           Case No. 22-cv-03877-NC
Defendant County of Monterey's Notice of Motion and Motion to Dismiss Pursuant to FRCP 12(b)(6) and Memorandum of Points and Authorities

| | |
|---|---|
| 1 | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 2 | **I.    INTRODUCTION** |

## I. INTRODUCTION

Plaintiff filed her underlying Complaint on June 30, 2022 and served the Complaint on the County on July 8, 2022.  Plaintiff's claims arise out of her allegedly wrongful arrest by peace officers employed by the City of Carmel-by-the-Sea (the "City") due to her failure to comply with COVID-19 restrictions, and Plaintiff asserts almost all of her claims against the defendant officers as individuals or against the City.  Plaintiff names the County of Monterey (the "County") as an additional defendant only as to her Twentieth Cause of Action for an alleged violation under 42 U.S.C. section 1983.  In support of this claim, Plaintiff makes a myriad of complaints such as she was forced to wear a mask, her bear spray was taken, and her temperature was taken.  However, Plaintiff fails to plead any policy or practice that would subject the County to liability under *Monell*.  Additionally, any of Plaintiff's state law claims that might be construed to be plead against the County are barred by California's Government Claims Act.  Accordingly, the Court should dismiss Plaintiff's Complaint as against the County pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

## II.    LEGAL ARGUMENT

### A.    Applicable Standards.

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint.  A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  In considering a motion to dismiss for failure to state a claim, the Court generally accepts as true the allegations in the complaint. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, the Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").  "A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the

2

*Theresa I. Buccola v. Joseph L. Boucher, et al.*                                                                                                Case No. 22-cv-03877-NC
Defendant County of Monterey's Notice of Motion and Motion to Dismiss Pursuant to FRCP 12(b)(6) and Memorandum of Points and Authorities

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*"). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a Defendant has acted unlawfully." *Id.* (internal citations omitted). "Where a complaint pleads facts that are "merely consistent with' a Defendant's liability, it 'stops short of the line of possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, *supra*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the ground of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. This requires that the Court should be able to "draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

### B. Plaintiff fails to State a *Monell* Claim against the County.

To be subject to suit under section 1983, the defendant must be a "person" acting under color of state law. See *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Local government entities such as the County qualify as "persons" within the meaning of section 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); see *Long v. County of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). However, municipalities and local governments are not vicariously liable for the conduct of their employees under section 1983, but rather are solely "responsible for their own illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). In other words, the County is subject to liability under section 1983 only where it caused a constitutional violation through

3

*Theresa I. Buccola v. Joseph L. Boucher, et al.*  Case No. 22-cv-03877-NC
Defendant County of Monterey's Notice of Motion and Motion to Dismiss Pursuant to FRCP 12(b)(6) and Memorandum of Points and Authorities

"execution of a government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694.

Here, Plaintiff fails to even offer a formulaic recitation of the elements of a cause of action against the County under *Monell*, much less allege details of any County policy or practice that plausibly violated her constitutional rights or caused her alleged harms. Accordingly, Plaintiff's Twentieth Cause of Action against the County should be dismissed pursuant to Rule 12(b)(6).

### C. Plaintiff's State Law Claims, if any, are Barred by the Government Claims Act.

Plaintiff only asserts an allegation against the County of Monterey in her Twentieth Cause of Action. All other Causes of Action are asserted against other defendants. However, Plaintiff does assert various state law causes of action in her Complaint such as negligence, intentional infliction of emotional distress and battery, all of which are torts arising from California's common law. To the extent that the Court might construe any of these claims to be alleged against the County, Plaintiff's claims are barred by California's Government Claims Act.

The California Government Claims Act requires an individual seeking money or damages from a public agency to first file a claim with the agency. Cal. Gov. Code, § 900 et seq.; *Ard v. County of Contra Costa,* 93 Cal. App. 4th 339, 343 (2001). Presentation of a timely tort claim is a prerequisite to maintaining such a cause of action against a public entity. *Id.; see Hernandez v. McClanahan,* 996 F. Supp. 975 (N.D. Cal. 1998). Compliance with the Government Claims Act is an element of a cause of action against a California public agency such as the County, and all of Plaintiff's pendent state law claims against the County are barred unless she complied with claim filing requirements before commencing her civil action. *See Mangold v. Cal. Public Utilities Comm'n,* 67 F.3d 1470, 1477. (9th Cir. 1995)

Here, Plaintiff's Complaint is completely devoid of any allegations concerning compliance with the Government Claims Act with regard to the County. Since failure to comply with the Government Claims Act is fatal to any state law claims against the County, Plaintiff's

4

Complaint must also be dismissed as against the County even assuming she adequately pled any state law causes of action.

## III. CONCLUSION

For the reasons set forth herein, Defendant County of Monterey respectfully requests that the Plaintiff's Complaint be dismissed by this Court as against the County for failing to state a cause of action or cognizable legal claim for which relief can be granted.

Respectfully submitted,

Dated: July 29, 2022

LESLIE J. GIRARD
County Counsel


By: /s/ **Susan K. Blitch**
SUSAN K. BLITCH,
Chief Assistant County Counsel
Attorneys for Defendant,
COUNTY OF MONTEREY

5