Theresa Irene Buccola
c/of Post Office Box 6646
Carmel, California 93921
1-415-812-9635
theresabuccola@gmail.com
Plaintiff, in Pro Per

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Theresa Irene Buccola,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph L. Boucher, Greg Johnson, Gerald Maldonado, Paul Tomasi, Chip Rerig, individually, CITY OF CARMEL-BY-THE-SEA INCORPORATED and COUNTY OF MONTEREY, municipal corporations and Does 1 - 8,<br><br>    Defendants. | Case No. 22-cv-03877-NC<br><br>**DISCOVERY LETTER REGARDING DISCOVERY DISPUTES BETWEEN PLAINTIFF THERESA IRENE BUCCOLA AND DEFENDANT COUNTY OF MONTEREY**<br><br>Complaint Filed: June 30, 2022<br><br>Hearing Date: N/A<br>Time: N/A<br>**Magistrate Judge Nathanael Cousins**<br>**Courtroom 5** |

TO THE HONORABLE NATHANAEL COUSINS, UNITED STATES DISTRICT COURT MAGISTRATE JUDGE:

    Plaintiff submits this Discovery Letter Brief regarding her Discovery Disputes with Defendant MONTEREY. Defendant MONTEREY and Mr. Beiderwell did add some portions but the parties cannot agree on the edits and Plaintiff no longer accepts any further delays which violate her due process rights and therefore submits the most recent draft of their

1

statement:

Plaintiff propounded Discovery requests on Mr. Beiderwell and MONTEREY on December 31, 2022, January 6, 2023, and August 31, 2023, and although Defendant and Mr. Beiderwell responded within 30 days, Plaintiff granted multiple extensions for production of the requested records and responses to Interrogatories (ROG's).

On October 18, 2023, the parties met and conferred by telephone. During the meet and confer, Plaintiff clarified some of her Requests for Documents (RFD's) and Mr. Beiderwell agreed to remove the associated boilerplate objections and supplement the agreed-upon written responses. Plaintiff also clarified some of her ROG's and Mr. Beiderwell agreed to amend the County's responses and remove the associated boilerplate objections.

Plaintiff's position is that the parties reached an agreement during the meet and confer, but to-date, the County failed to disclose agreed-upon documents responsive to RFD's: #3; #16; #19; #20; #23; #29; #32; #'s 36 - 49; #'s 50 - 59; #'s 66 - 69; #71 and #'s 74 – 77. Some of these records Plaintiff has been attempting to receive from Defendant since January, 2021. Mr. Beiderwell and MONTEREY agreed to but failed to respond to her ROG's: #2; #3; #4; #5; #9; #11 and # 13 and agreed to but failed to remove the associated boilerplate objections. Mr. Beiderwell did not send footage from the jail cell / nurse's office included in RFD's #36 - 49 from Plaintiff's second arrest and Mr. Beiderwell communicated to Plaintiff that he believed all footage from her initial arrest had been deleted. Plaintiff believes deleting records which Defendant had been notified would be relevant to this litigation is a sanctionable offense. On November 8, 2023, Plaintiff emailed Mr. Beiderwell to "Please forward the 'Sheriff's records retention policies' which would permit deletion of these videos" and requested a response by the Nov 14th Settlement Conference, but Mr. Beiderwell never responded.

Defendant's position is that the County attempted to satisfy Plaintiff's concerns by producing additional documents following the meet and confer including all available video footage from the County Jail. The County further contends that many of Plaintiff's discovery requests continue to ask for documents that do not exist or are not in the County's possession,

and that the County was not obligated by agreement to formally update its discovery responses because Plaintiff did not formally amend her requests. Here, Plaintiff states Defendant Monterey and their attorneys are not speaking with candor to the Court because 1. Plaintiff *did formally amend her requests* during the meet and confer 2. they are making absurd claims that some records, like - *the work ids and driver's licenses for the Does*, RFD's #51-58 "don't exist" and 3. Mr. Beiderwell and Defendant agreed to submit supplemental responses clarifying which records were no longer in County's possession and all records authorizing their deletion in RFD #66.

During the meet and confer, Mr. Beiderwell objected to ROG#1: When Plaintiff was housed in the jail and requested to be presented before a magistrate a Jail Sergeant explained "…it's not the way we do things here" and Plaintiff asked what he meant by that. Mr. Beiderwell objected on the basis that this would be a proper question to ask the officer at issue at a deposition or trial and but that MONTEREY did not know whether this statement was made and could not speak regarding the subjective intentions of an individual employee. Plaintiff believes this objection to be invalid as this response could show an established policy or custom in the jail as to Plaintiff's *Monell* claims regarding Fifth Amendment deprivation of liberty violations and that Defendant has a duty to speak with their employees regarding what was said relevant to civil litigation. He also objected to ROG#10**:** "List the basic requirements for a warrant to be compliant with the Fourth amendment" because he believed it demanded a legal conclusion and too vast considering the enormous body of law pertaining. Plaintiff believes this objection to be invalid as this is a straightforward ROG which every law enforcement officer and public entity in charge of a jail are required to know if they abide by the Constitution.

The County's position is that the parties could have scheduled an additional meet and confer at Plaintiff's request and proposes that the parties should meet and confer within three (3) weeks of the filing of this letter. The County further proposes that it will review its responses within two (2) weeks of the date of filing of this letter and will produce all additional responsive documents at that time, if any such documents exist. If the parties still

cannot settle this dispute following an additional meet and confer, the County suggests that the Court should schedule a telephonic conference.

  Plaintiff's position is that she and Mr. Beiderwell agreed to have a follow-up meet and confer only after Plaintiff received the agreed-upon responses / records, with the absolute last Discovery production being November 2, 2023, so it would have been moot to schedule because Mr. Beiderwell failed to disclose/respond *yet again*. Plaintiff requires the agreed-upon records / responses be submitted to Plaintiff within 3 days of the filing of this letter, then Plaintiff deems a follow-up meet and confer within one week would be agreeable. But if Mr. Beiderwell and Defendant MONTEREY fail to comply with Plaintiff's more than reasonable 3-day extension yet again, this is due to Mr. Beiderwell and Ms. Blitch conspiring with Defendant MONTEREY to engage in a malicious, 3 1/2 year long campaign to violate Plaintiff's due process rights, are derelict in their duties, should be held in contempt of Court and a Default Judgement rendered in favor of Plaintiff and against MONTEREY.

RESPECTFULLY SUBMITTED,

_____
Plaintiff, Theresa Irene Buccola, in Pro Per

_____
Date January 4, 2024