UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BUCCOLA,<br>    Plaintiff,<br>    v.<br>JOSEPH BOUCHER, and others,<br>    Defendants. | Case No. 22-cv-03877 NC<br><br>**ORDER RESOLVING DISCOVERY DISPUTES**<br><br>Re: ECF 102, 104, 106, 113 |

       Presented to the Court are competing requests to compel additional discovery. Self-represented Plaintiff Theresa Buccola moves to compel written discovery from Defendants City of Carmel and Monterey County. ECF 102, 104, 106. In part, Buccola demands that the Court enter a default judgment against all defendants. ECF 123. Defendants oppose Buccola's discovery demands. Carmel moves to compel Buccola to respond to written discovery. ECF 104.

       The Court held a discovery hearing on January 24, 2024. At the hearing, the parties met and conferred with each other. The Court requested, received, and has now reviewed in camera copies of the discovery requests and responses in dispute. The Court granted the parties leave to file proposed orders in support of their respective discovery requests, and in opposition to the other side. The parties filed the proposed orders. ECF 120-130.

       Having reviewed the discovery materials with an eye toward relevant discovery that is proportional to the needs of the case under Federal Rule of Civil Procedure 26(b), the

Court DENIES all the discovery demanded. The denial is without prejudice to renewal after the Court has ruled on the pending motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). When a motion to dismiss is pending, the Court has discretion to stay discovery until the motion to dismiss is decided. *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). In the current case, the Court is not going to order more discovery until it has determined whether the complaint states a plausible claim for relief. The hearing on the motion to dismiss is set for February 14, 2024. The briefing is complete. The harm in deferring discovery for two weeks is minimal compared to the collective burden of responding to the voluminous discovery demands pending in this case.

In conclusion, the Court DENIES the discovery demanded by the parties in all the pending discovery briefs and proposed orders. The denial is without prejudice to renewal after the Court has ruled on the pending motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). No fees or costs are awarded.

**IT IS SO ORDERED.**

Dated: January 30, 2024

NATHANAEL M. COUSINS
United States Magistrate Judge

2