UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BUCCOLA,<br>　　　　Plaintiff,<br>　　v.<br>JOSEPH BOUCHER, and others,<br>　　　　Defendants. | Case No. 22-cv-03877 NC<br><br>**ORDER ADDRESSING DISCOVERY DISPUTES AND DISCOVERY PLAN**<br><br>Re: ECF 102, 104, 106, 113, 162 |

On April 2, 2024, the parties filed a joint revised discovery plan, which included an update on pending discovery disputes. ECF 162. The Court then heard discovery arguments from all parties at the case management conference and discovery hearing held on April 3. This Order addresses the pending discovery disputes and sets new discovery deadlines.

The most significant procedural aspect of this civil rights case is that there are no operative pleadings presently before the Court. On March 22, 2024, the Court granted Defendants' motions to dismiss the complaint with leave to amend. ECF 155. Plaintiff Buccola's Third Amended Complaint is now due April 12, 2024. ECF 155. On April 3, the Court vacated the remaining case schedule with the intention to enter a new schedule at or before the next case management conference on May 8, 2024.

Without a complaint and answer to frame what the case is about, the Court is challenged to determine what information and documents are "relevant to any party's

claim or defense" and "proportional to the needs of the case" under Federal Rule of Civil Procedure 26(b)(1).  This order is therefore relying on the factual allegations of the Second Amended Complaint (ECF 96) and also is relying on Plaintiff's stated intention to file a Third Amended Complaint.  Additional discovery might be appropriate after Plaintiff files her Third Amended Complaint and Defendants file their answers.

*Carmel's discovery requests*: Granted as to Interrogatory Requests Nos. 3, 9, and 10-13.  Granted in part as to Interrogatory Requests Nos. 6, 7, and 17, with supplemental responses required only for the "relevant time period."  Carmel's request for discovery for ten years preceding the incident is grossly excessive, not relevant, and not proportional to the needs of the case.  Instead, Plaintiff must respond only for the "relevant time period" of January 1, 2020, to present, as the first alleged incident was July 3, 2020.  ECF 96.

As to Carmel's requests for production of documents, RFP 12 (all employment records) is denied as not relevant and not proportional to the needs of the case; RFP 32 (documents reflecting value of property seized or taken) is granted; RFP 30 (notes, journals, diary entries, and social media posts regarding the incident) is granted; and RFP 6, 7, 8, 9, and 13 are granted in part, with responses limited to the "relevant time period" as established in this order.

Finally, Carmel's request (joined by the County) to schedule an independent physical and medical examination of Plaintiff under Federal Rule of Civil Procedure 35(a) is granted for good cause shown, with the parties ordered to cooperate on the scheduling and logistics of the examination as set forth in Federal Rule of Civil Procedure 35(a)(2)(B).  Defendants must identify a suitably licensed or certified examiner and provide advance notice of the examiner, and the time, place, manner, conditions, and scope of the examination(s).

*Monterey County's discovery requests:* The County is not presently seeking to compel any discovery responses.  ECF 162.  The County may proceed forward with discovery, including participating in the independent medical examination(s) of Plaintiff.

*Buccola's discovery requests to Monterey County:* Plaintiff's requests to compel

the production of documents is denied as to RFP Nos. 2, 3, 4, 20, 27, 29, 35, 36-41, 45, 65, 66, 68, 69, 70, 71, 74, 75, 76, and 77.  The objections are sustained.  These requests are vastly overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1).

Plaintiff's RFP No. 19 (identify all deputies and their badge numbers that came into contact with Plaintiff during either of her arrests) is granted in part.  The County may respond in the form of an interrogatory response with the name and badge numbers of the deputies, specified by arrest date.  RFP No. 32 (copy of all warrants issued against Plaintiff) is granted. RFP No. 47 (jail cell video from Plaintiff's Feb. 26, 2021, arrest) is granted; RFP No. 49 (jail video from hallway outside Plaintiff's cell for Feb. 26, 2021, arrest) is granted; RFP Nos. 51-63 are granted in limited part.  The County must identify in an interrogatory response the name and positions of all personnel who interacted with Plaintiff during her July 3, 2020, and Feb. 26, 2021, arrests, including specifically identifying the "Does" Plaintiff asked about in her requests.  RFP Nos. 72 and 73 (records of the Intake Health Screening performed on Plaintiff during July 3, 2020, and Feb. 26, 2021, arrests) are granted.

As to the Interrogatory Requests to the County, Plaintiff's requests to compel responses to Nos. 2, 3, 4, 5, 9, 10, 11, and 13 are all denied. ECF 162.  The requests are argumentative; premature given that there is presently no operative complaint; and not proportional to the needs of the case.  Request No. 6 is granted in modified form.  County must answer this question: For Plaintiff's July 3, 2020, arrest, did Jane Doe # 1 continue to ask Plaintiff questions after she had requested an attorney?  *See* ECF 162 at p. 9.

***Buccola's discovery requests to Carmel:*** RFP Requests Nos. 2, 20, 38, 45, 48, 54, 55, 56, 57, 58, 59, 60, 63, 64, 66, 68, 69, 72, 77, 78, 80, 81, 82, 86, 87, 91, 94, 95-98, 99-106 are denied.  The objections are sustained.  These requests are overbroad and not proportional to the needs of the case in light of the procedural posture: there is no operative pleading and yet the requests demand extremely broad and burdensome discovery.

No. 70 granted: Any body camera video footage of Greg Johnson from 15 minutes

3

before arrest of Plaintiff on July 3, 2020, until Plaintiff was no longer in his custody.

No. 75 granted: footage from Jacob Clifford's portable recording device from July 3, 2020. Plaintiff asserts the footage disclosed is "partial, muted and blurred." Carmel is ordered to disclose the best evidence in response to this request. If there are remaining discrepancies about what has been produced, the parties must confer further about it.

No. 76 granted: video footage of Plaintiff from inside Carmel Police Department on Feb. 26, 2021.

No. 79 granted: video of Plaintiff made by Jane Doe # 2 during Feb. 26, 2021, arrest.

No. 83 granted in part: Gerald Maldonado's body camera footage of Plaintiff from her arrest on Feb. 26, 2021, while she was in custody.

No. 92 granted: All records of investigation related to Plaintiff's arrest on July 3, 2020.

No. 93 granted: All records of investigation related to Plaintiff's arrest on February 26, 2021.

*Deadlines:*

- File stipulation or motion and proposed discovery protective order (*see* ECF 164): 4/17/2024
- Defendants' deadline to serve supplemental responses and produce all the responsive documents set forth in this order: 4/26/2024
- File updated CMC statement: 5/1/2024 (no change)
- Defendants must each file a declaration identifying in a chart a description of the documents they have produced to date: 5/3/2024
- Defendants must file a declaration describing any responsive documents that were not produced because they were lost or destroyed; and explaining how, when, and why the document was lost and destroyed and who is responsible: 5/3/2024
- CMC, by phone: 5/8/2024 10:00 a.m (no change)
- Defendants' deadline to serve a privilege log specifying any responsive documents

4

withheld on the basis of a privilege: 5/10/2024

- Complete meet and confer and file joint discovery letter brief concerning any remaining disputes about Defendants' discovery responses, lost or destroyed documents, and privilege log: 5/17/2024
- New deadline for Buccola to file Third Amended Complaint: 5/31/2024
- Buccola's deadline to serve Carmel with supplemental discovery responses and to produce all the responsive documents set forth in this order: 6/14/2024
- Fact discovery deadline: 8/30/2024
- Deadline to file any fact discovery related discovery motions: 9/6/2024
- Additional deadlines (experts/summary judgment/pretrial motions/pretrial/trial/settlement) will be set at the next CMC.

*Discovery Limits:*

The volume of written discovery and discovery disputes has so far greatly exceeded the appropriate limits under Rule 26. Going forward, no party may serve another party with more than 10 more requests for documents, 5 interrogatory requests, or 5 requests for admissions, without advance leave of the Court. No party may take more than 5 fact depositions without advance leave of the Court.

This Order resolves all pending discovery disputes. To the extent any past discovery issues are not identified in this Order, they are denied. No costs or fees awarded.

**IT IS SO ORDERED.**

Dated: April 5, 2024                            _____
                                                NATHANAEL M. COUSINS
                                                United States Magistrate Judge