UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA I. BUCCOLA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH L. BOUCHER, et al.,<br><br>    Defendants. | Case No. 22-cv-03877-NC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE 11(C)(3)** |

A party violates Federal Rule of Civil Procedure 11(b) if it files or advocates motions or other papers "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Rule 11(c)(3) provides that "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." If the court then determines a party has violated Rule 11(b), it may impose an appropriate sanction. Fed. R. Civ. P. 11(c)(1). Sanctions are limited "to deter repetition of the conduct or comparable conduct by" a party and "others similarly situated." Fed. R. Civ. P. 11(c)(4).

Pursuant to Rule 11(c)(3), the Court orders Plaintiff to show cause in writing why she has not violated Rule 11(b). This order arises from Plaintiff's pattern of taunting opposing counsel, including through uncivil and accusatory name-calling.

In the past month alone, Plaintiff's filings have referred to various opposing counsel

as: "a rogue agent"; "assumed counsel"; "fake and phantom counsel"; "fumbling, derelict attorneys"; "fraudulent"; "the pretender known as Thomas Fay"; "fake counsel"; "Criminal Thomas Fay"; "Thomas Fay-ke"; and at fault for "apathy, laziness and dereliction of duty." ECF 232 at 3; ECF 239 at 3; ECF 242 at 1–3; ECF 243 at 1–2; ECF 248 at 6–7; ECF 249 at 3. Relatedly, Plaintiff has repeatedly accused opposing counsel of criminal, deceitful, and fraudulent behavior, including committing felonies and perjury. *See, e.g.*, ECF 232 at 3; ECF 239 at 2; ECF 242 at 2–3; ECF 243; ECF 248 at 5–7; ECF 249 at 5.

These examples reflect a larger trend within Plaintiff's filings and arguments in recent months. As such, on July 8, 2024, the Court cautioned Plaintiff:

> The Court also cautions Plaintiff as to the requirements of Federal Rule of Civil Procedure 11. Rule 11(b) applies to unrepresented parties as well as attorneys. Under that rule, a party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, a pleading, written motion, or other paper filed with the court is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." A filing that is repetitive of prior motions and objections, exceeds page limits, contains facts that are not supported by declaration or affidavit, *refers to opposing counsel as "Phantom Counsel" and "Wrongdoer," threatens criminal prosecution*, and suggests that it has been sent to third parties could be found to be presented for an improper purpose and subject to sanctions.

ECF 211 at 9 (emphasis added). Based on the examples above, Plaintiff has not abided by this warning.

Anger, frustration, disagreements with or even dislike of an opposing party do not excuse or condone disrespect. All parties, including pro se litigants, must conduct themselves with "civility, decorum, and professionalism." *Malloy v. Regents of Univ. of Cal.*, No. 20-cv-7312-SBA, 2021 WL 7448888, at *2 (N.D. Cal. Aug. 25, 2021); *see McColm v. Foremost Ins. Co.*, No. 09-4132-SI, 2011 WL 3843917, at *4 (N.D. Cal. Aug. 30, 2011) (instructing parties to "conduct themselves with decorum and avoid the use of profanity or name calling"). Plaintiff's escalating attacks reflect a lack of civility and respect, and may rise to the level of harassment under Rule 11(b). Plaintiff is permitted to raise grievances with the Court, but may not do so in an unnecessarily flagrant, aggressive,

or scornful manner.  Such language is also unnecessary; the Court considers arguments whether they are presented with a neutral or acerbic tone.

Plaintiff is therefore ordered to show cause in writing by September 3, 2024, as to why she has not violated Rule 11(b) by taunting opposing counsel.  Pursuant to Rule 11(c)(4), if the Court proceeds to order a sanction, it would be "limited to what suffices to deter repetition of the conduct."

**IT IS SO ORDERED.**

Dated:  August 20, 2024                              _____
                                                                    NATHANAEL M. COUSINS
                                                                    United States Magistrate Judge