UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA I. BUCCOLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH L. BOUCHER, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-03877-NC<br><br>**ORDER FINDING NO BASIS FOR RECUSAL**<br><br>Re: Dkt. No. 259 |

On August 4, 2024, Plaintiff Theresa Irene Buccola filed an objection to defendants' motion for remote appearance. Dkt. No. 242. At the end of her objection, she stated, "[t]he Plaintiff requires Judge Cousins to recuse himself from this case." *Id*. In response, Judge Cousins granted Buccola leave to request his disqualification pursuant to the standards and procedures set forth in 28 U.S.C. § 144 and 28 U.S.C. § 455. Dkt. No. 245. Judge Cousins explained that, under 28 U.S.C. § 144, a party may submit a sworn affidavit specifying "the facts and the reasons for the belief that [the judge has shown] bias or prejudice" against the petitioning party. He also explained that if Buccola believed Judge Cousins was disqualified under the standards set forth in 28 U.S.C. § 455, she could file a motion explaining the basis for her belief. Buccola did not file such an affidavit or motion, but instead notified the court of her refusal to comply with a court order and again stated, "Judge Cousins needs to recuse himself from this case." Dkt. No. 259. Notwithstanding Buccola's failure to follow the procedure Judge Cousins described for seeking judicial disqualification, Judge Cousins *sua sponte* stayed all proceedings in this case and referred Buccola's request for his disqualification to the Clerk for random assignment to another judge. *See* N.D. Cal. Civil Local Rule 3-14. The Clerk assigned thereafter the matter to the below-named district judge for consideration.

The Ninth Circuit uses an "objective test" to assess a judge's impartiality. *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). Courts consider "whether a reasonable person with knowledge of all facts would conclude that the judge's impartiality might reasonably be questioned." *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178 (9th Cir. 2005). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

As noted already, Buccola failed to comply with the statutory procedure set forth in 28 U.S.C. § 144 for seeking a judge's disqualification on the basis of personal bias or prejudice and failed to file a motion suggesting any basis for mandatory recusal under 28 U.S.C. § 455. This alone would provide a sufficient basis for denying Buccola's request for disqualification. Nonetheless, in order to preserve confidence in the judiciary's fairness and impartiality, the Court has conducted a careful review of the proceedings in this matter to determine whether there is any evidence of bias, prejudice, or partiality that would support disqualification. Based upon that review, the Court concludes that nothing in the record could lead a reasonable person to question the impartiality of Judge Cousins. His disqualification is therefore unwarranted.

**IT IS SO ORDERED.**

Dated: September 9, 2024

P. Casey Pitts
United States District Judge