UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA I. BUCCOLA,<br>　　　　Plaintiff,<br>　　v.<br>JOSEPH L. BOUCHER, et al.,<br>　　　　Defendants. | Case No. 22-cv-03877-NC<br><br>**ORDER ADMONISHING ATTORNEY ESTHER KANG TEIXEIRA AND FOR CARPENTER, ROTHANS & DUMONT LLP TO SHOW CAUSE**<br><br>Re: ECF 254, 257 |

On August 20, 2024, the Court ordered Esther Kang Teixeira, an attorney of record for the Carmel Defendants in this matter, to file a written statement addressing whether she is a member of the bar of the Northern District of California and authorized to practice before the Court. ECF 254. In Teixeira's declaration filed in response, she admits she was not a member of the bar of the Northern District at the time she filed a Notice of Appearance, and that she was previously unaware that she must be admitted to the Court's bar before appearing in a matter. ECF 257 ¶¶ 6, 8. Teixeira acknowledges she "failed to exercise due diligence when reading and completing the Appearance of Counsel form" and that she is responsible for her "lack of research, due diligence, and failure to ask a more experienced attorney for guidance on the matter." ECF ¶¶ 6, 9.

The Court admonishes Teixeira for her lack of diligence and attention to detail in signing the Notice of Appearance, in which she attested she was "admitted or otherwise

authorized to practice in this court," and in familiarizing herself with the Local Rules of the Court. *See* ECF 160; L.R. 11-1(a) ("[A]n attorney must be a member of the bar of this Court to practice in this Court."). Teixeira's oversights constituted untruthful and unprofessional conduct of which the Court expressly disapproves.

However, the Court declines to impose further sanctions on Teixeira. She remedied her error by applying for and becoming admitted to the bar of the Northern District on August 22, 2024—within a week from when Plaintiff first raised the issue. *See* ECF 257 ¶ 8; ECF 249. Although Teixeira's name should not have appeared on any filings, the Court notes she did not sign any filings on behalf of the Carmel Defendants or appear to argue before the Court. Teixeira further declares she has "had no participation in" or "otherwise done any work" for this matter aside from filing the Notice of Appearance and her declaration. ECF 257 ¶ 7.

Nonetheless, the Court orders Carpenter, Rothans & Dumont LLP to show cause as to why it should not be referred to the Court's Standing Committee on Professional Conduct and otherwise sanctioned under Federal Rule of Civil Procedure 11(b). *See* Fed. R. Civ. P. 11(c)(3); L.R. 11-6(a), 11-8. The Court has authority to refer "law corporations and partnerships" to the Standing Committee when it has cause to believe unprofessional "alleged conduct occurs in the course and scope of employment by the corporation or partnership." L.R. 11-6(a)–(b). "A person who exercises, or pretends to be entitled to exercise, any of the privileges of membership in the bar of this Court, when that person is not entitled to exercise such privileges" engages in unprofessional conduct. L.R. 11-8. Two Carpenter, Rothans & Dumont LLP have now admitted to unauthorized practice before the Court in this matter, raising concerns of an unprofessional pattern and practice. *See* ECF 241, 254. The firm is therefore ordered to file a written statement showing cause as to why it should not be referred to the Standing Committee under the Local Rules or sanctioned under Rule 11(b) by October 4, 2024.

**IT IS SO ORDERED.**

Dated: September 26, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge
---

**IT IS SO ORDERED.**

Dated: September 26, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California