UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA I. BUCCOLA,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH L. BOUCHER, et al.,<br><br>    Defendants. | Case No. 22-cv-03877-NC<br><br>**ORDER GRANTING MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37 AND 41**<br><br>Re: ECF 263, 271, 272 |

The City of Carmel-by-the-Sea and five individual Defendants move to dismiss this action based on Plaintiff Theresa Buccola's failure to comply with the Court's discovery order at ECF 255. For the reasons below, the Court GRANTS the motion and dismisses this action as to all Carmel Defendants with prejudice pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).

**I.      BACKGROUND**

    **A.      Factual Background[1]**

Plaintiff initiated this action against the Carmel Defendants and Monterey County for alleged violations of her constitutional rights stemming from her July 2020 arrest for entering Carmel Beach while it was closed in the early months of the COVID-19 pandemic. Following an announcement of the closure of Carmel Beach for Independence

---

[1] The Court takes the following facts as true for purposes of this motion, based on the most recent operative pleading, Plaintiff's Third Amended Complaint. ECF 197 (TAC).

1   Day weekend in 2020, Plaintiff called the Carmel Police Department to question the beach
2   closure and was warned she would be arrested if she entered the beach. TAC ¶¶ 19–20.
3   Plaintiff alleges the beach closure violated her "God-given right to access the navigable
4   waters of the Coast of California." TAC ¶¶ 74–75. Plaintiff entered, then re-entered, the
5   Carmel Beach despite signs indicating the beach was closed and a verbal warning from a
6   Carmel officer on-site. TAC ¶¶ 22–23, 26–27. Two Carmel officers then arrested Plaintiff
7   and brought her to jail. TAC ¶ 28. Plaintiff was subject to searches of her person and
8   property by Carmel and Monterey officers following her arrest. TAC ¶¶ 29–31, 35, 38–42.
9   　　In February 2021, Plaintiff went to the Carmel Police Department "to obtain the
10  body-worn footage" of her July 2020 arrest. TAC ¶ 49. Two Carmel officers informed
11  Plaintiff that they had a warrant for her arrest, which Plaintiff maintains was defective, and
12  proceeded to arrest and search her. TAC ¶¶ 52, 55, 58, 63, 65.
13  　　The criminal charges against Plaintiff related to these events have since been
14  dismissed. TAC ¶ 70.

### B.  Procedural Background

16  　　Plaintiff filed this action on June 30, 2022. ECF 1. The Court granted motions to
17  dismiss the initial, first amended, and second amended complaints with leave to amend.
18  ECF 38, 86, 155. Plaintiff filed a third amended complaint. TAC. The Court granted
19  Monterey's motion to dismiss the third amended complaint without leave to amend. ECF
20  250. The Court granted in part and denied in part the Carmel Defendants' motion to
21  dismiss the third amended complaint with and without leave to amend. ECF 253. The
22  Court ordered Plaintiff to file an amended complaint, or a statement indicating she did not
23  intend to amend, by October 16, 2024. ECF 266. To date, Plaintiff has filed neither.
24  　　As to the present motion, the City served Plaintiff with interrogatories and requests
25  for document production. The Court ordered Plaintiff to provide supplemental responses
26  and productions for a limited number of interrogatories and requests for production of
27  documents by June 14, 2024. ECF 165. The Court then extended the deadline to July 15,
28  2024. ECF 207. After the parties failed to comply with orders to meet and confer about

discovery disputes, the Court offered a second chance and ordered the parties to meet after a hearing. ECF 211. Later, the Court noted that it "finds that Buccola has not complied with the Court's discovery Order at ECF 165, but the Court will narrow that Order and provide Buccola a further opportunity to comply." ECF 255. Specifically, the Court ordered Plaintiff to respond to the narrowed discovery by September 9, 2024. ECF 255. The Court wrote that if Plaintiff failed to comply with the order by the extended deadline, the Carmel Defendants "may file a motion seeking leave to file a motion for sanctions under Federal Rule of Civil Procedure 37, as they requested in ECF 244." ECF 255.

The Carmel Defendants filed a Motion to Dismiss for Failure to Comply with Discovery Order, pursuant to Federal Rules of Civil Procedure 37 and 41. ECF 263 (Mot.). After the Court *sua sponte* extended Plaintiff's time to respond to the motion, ECF 269, Plaintiff filed a late opposition. The Court nonetheless considers Plaintiff's opposition, entitled "Opposition to an Interloper's Void Document and Objection to Interlocutory Order No. 269." ECF 271 (Opp'n). The Carmel Defendants filed a reply, ECF 272, and the Court held a hearing on the motion on October 2, 2024, at which Plaintiff and counsel for the Carmel Defendants both appeared. ECF 275.

All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). ECF 7, 11, 13.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) permits a defendant to "move to dismiss the action or any claim against it" when "the plaintiff fails to prosecute or to comply with these rules or a court order." Rule 37(b)(2)(A) provides that when a party "fails to obey an order to provide or permit discovery," courts "may issue further just orders," including "dismissing the action or proceeding in whole or in part." The Court also "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Dismissal for failure to comply with a court order "operates as an adjudication on the merits." Fed. R. Civ. P. 42(b).

3

### III. DISCUSSION

Plaintiff does not dispute that she violated the Court's discovery order. *See* ECF 255; Opp'n. The only question at issue, then, is whether dismissal is the appropriate sanction as requested by the Carmel Defendants. The Court concludes it is, based on an analysis of the relevant factors and Plaintiff's representations. Plaintiff's arguments to the contrary focus only on whether her failure to comply with the Court's order was justified, and are unavailing, as discussed below. The Court therefore dismisses this action as to all Carmel Defendants, but declines to award costs or fees on the motion.

**A. Dismissal is the Appropriate Sanction for Plaintiff's Failure to Comply with the Court's Discovery Order**

Courts weigh five factors in considering whether to dismiss a case for failure to comply with court-ordered discovery: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997) (citation omitted). Applying these factors, dismissal is appropriate here.

"Where a court order is violated, the first two factors support sanctions." *Id.* (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). This is because "in this era of crowded dockets," parties that disobey a discovery order "deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism." *G-K Props. v. Redev. Agency of City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978). And, as here, courts can expend considerable resources resolving discovery disputes. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."); *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1170 (9th Cir. 2012) (noting noncompliance with discovery "led to multiple hearings and motions before this Court which have nothing to do with the merits of this case" and detracted from "the Court's ability to efficiently manage its docket in a manner fair to all parties with pending cases"). On the other hand,

4

"the fourth factor cuts against" dismissal because dismissal for disobeying a discovery order undermines disposition of the case on the merits. *Payne*, 121 F.3d at 507.

Therefore, "it is the third and fifth factors that are decisive." *Adriana*, 913 F.2d at 1412. As to prejudice to the Carmel Defendants, "[f]ailure to produce documents as ordered . . . is considered sufficient prejudice." *See id.* The Carmel Defendants also noted that many of the discovery requests that Plaintiff failed to respond to concern her calculations of damages, preventing them from fully defending against a demand for $52 million. *See* TAC at 16. Further, the Court-ordered discovery concerned Plaintiff's social media statements about the events underlying this action. *See Adriana*, 913 F.2d at 1412 ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case."). Plaintiff's noncompliance thus prejudices the Carmel Defendants.

As to the fifth factor, the Court has both exercised and considered less drastic sanctions. The Court extended the time for Plaintiff to respond to discovery multiple times and narrowed the scope of ordered discovery. *See Chase v. Int'l Ass'n of Machinists and Aerospace Workers*, No. 20-cv-08841-ODW-SK, 2022 WL 2052657, at *6 (C.D. Cal. Apr. 8, 2022) (recognizing orders to respond to discovery and extensions of time as less drastic sanctions). Plaintiff was also on notice before the filing of the present motion that the Carmel Defendants sought to dismiss this matter because she had not complied with the discovery order, *see* ECF 244, and that the Court indicated the Carmel Defendants could seek leave to do so if she continued to not comply. *See* ECF 255; *Chase*, 2022 WL 2052657, at *6 (recognizing warnings that failure to obey a court order could lead to dismissal as less drastic sanctions).

At the motion hearing, the Court asked Plaintiff about alternate sanctions and invited her to suggest any lesser sanctions that might be appropriate. In particular, the Court suggested excluding Plaintiff from presenting damages at trial, and repeatedly asked Plaintiff if she would respond to the ordered discovery if the matter was stayed until she did so or if she was otherwise given more time. Plaintiff asserted that she had no

5

1   obligation to comply with discovery in any form and would not be a willing participant in
2   doing so.[2]  Since the hearing, Plaintiff has further objected to communicating or
3   cooperating with opposing counsel and has failed to comply with a filing deadline.  In
4   particular, the Court ordered Plaintiff to file an amended complaint, or statement indicating
5   she did not intend to amend her complaint, by October 16, 2024.  ECF 266.  Plaintiff failed
6   to do either and instead filed an "Objection" to the Court's order that stated she "continues
7   to recoil from . . . the court's seeming necessity to compel the Plaintiff to answer and
8   respond" to "the traitorous acts of pretend counsel."  ECF 277 at 2.  In a Petition for Writ
9   of Habeas Corpus filed the next day, Plaintiff identified herself as "a woman who is
10  refusing to do business or interact with" opposing counsel.  ECF 278 at 4, 5.

11  As a result, the Court concludes lesser sanctions would be fruitless; an extension of
12  discovery deadlines or stay of the case would be futile given Plaintiff's declared intent to
13  defy discovery orders and pattern of refusing to respond to opposing counsel or adhere to
14  Court orders.  And excluding evidence of damages at trial would not remedy Plaintiff's
15  nonresponse to discovery concerning the events underlying this matter.  "[I]t is appropriate
16  to reject lesser sanctions where the court anticipates continued deceptive misconduct."
17  *Comput. Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1116–17 (9th Cir. 2004) (citation
18  omitted).

19  Finally, a party's noncompliance with a discovery order "must be due to
20  willfulness, fault, or bad faith" to justify case-dispositive sanctions.  *Id.* at 1115.  Plaintiff
21  has not offered any arguments to suggest mistake or error led to her failure to comply with
22  the Court's discovery order, and instead has appeared deliberate and steadfast in her efforts
23  to pole-vault over her discovery obligations.

24  Taken together, these factors weigh in favor of dismissal under Rule 37(b).

25  **1.    Plaintiff's Arguments Lack Merit**

26  Plaintiff raised three related arguments in her defense at the hearing and in her

---

[2] Plaintiff's Opposition to the motion to dismiss similarly argued she was "under no obligation to respond to a document entered by" opposing counsel.  Opp'n 1.

1   Opposition, arguing that she should not have been ordered to respond to discovery from
2   opposing counsel in the first instance and is still not obligated to do so.  The Court has
3   addressed each argument previously but will do so again here.  Ultimately, Plaintiff's
4   arguments are unavailing, and none speak to why Plaintiff could willingly ignore a Court
5   order.

### a. Status and Standing of Opposing Counsel

In Plaintiff's Opposition, she argues she "is under no obligation to respond to [the motion to dismiss] entered by a repeated trespasser" because counsel for the Carmel Defendants "Mr. Fay has no authority, standing or business entering anything into this case." Opp'n 1.  Plaintiff's arguments stem from Jonathan Redford's, the former lead attorney for the Carmel Defendants, error in practicing in this matter when he was not a member of the bar of the Court, in violation of the Northern District of California's Civil Local Rules.  Though stemming from a legitimate slight, this subject has now been thoroughly addressed by the Court, which concluded Plaintiff was not prejudiced by Redford's unauthorized practice and that current counsel, Thomas Fay, is authorized to litigate this action.  *See* ECF 149, 158, 211.

### b. Default Judgment

Relatedly, Plaintiff has argued she is entitled to default judgment based on opposing counsel's lack of standing.  At the motion hearing, Plaintiff emphasized *Dr. JKL Ltd. v. HPC IT Educ. Ctr.* as controlling authority that she need not respond to opposing counsel or, apparently, the Court's discovery order.  *See* 749 F. Supp. 2d 1038 (N.D. Cal. 2010).  As an initial matter, *Dr. JKL* is not controlling here, though the Court has nonetheless reviewed the decision.  *Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001) (discussing how district court opinions are persuasive but not binding on other courts in the district).  More importantly, the facts here are not analogous to those in *Dr. JKL*.  In *Dr. JKL*, District Court Judge Richard Seeborg[3] granted a motion to strike and motion for

---

[3] Judge Seeborg is now Chief Judge for the Northern District of California.

1    default, in part because one of the corporate parties was represented by a *pro se* litigant in
2    violation of a Local Rule requiring corporations to be represented by licensed counsel.
3    749 F. Supp. 2d at 1046, 1048, 1051.  No corporations are parties to this case.  In *Dr. JKL*,
4    the parties also failed to cure their error despite having the opportunity to do so.  *Id.*  Here,
5    counsel for the Carmel Defendants have remedied their errors such that they are all
6    members of the bar of the Court who have properly appeared in this matter.
7        *Dr. JKL* also does not support the positions Plaintiff advocates.  Judge Seeborg
8    cited Civil Local Rule 3-9(b): "Sanctions (including default or dismissal) *may* be imposed
9    for failure to comply with local rules."  *Id.* at 1046 (emphasis added).  Here, the Court has
10   already assessed and issued sanctions as to former and current counsel for the Carmel
11   Defendants as it has deemed appropriate.  *See* ECF 251, 270, 283.  Plaintiff also
12   conveniently overlooks one of the key reasons Judge Seeborg granted the motions to strike
13   and for default—the corporation's failure to respond to a motion from the opposing party.
14   *Dr. JKL*, 749 F. Supp. 2d at 1046, 1048, 1051.  Notably, Judge Seeborg emphasized that a
15   *pro se* litigant "must comply with both the local and the Federal Rules, both in terms of
16   pleading requirements and filing deadlines . . . and cannot simply ignore a motion filed by
17   the opposing party."  *Id.*
18       The Court also discusses *Dr. JKL* and why it does not entitle Plaintiff to default
19   judgment in its order denying Plaintiff's motion for entry of default, ECF 281, which
20   Plaintiff filed the same day as the motion hearing, ECF 274.

21                      **c.   Agreement with Opposing Counsel**
22       In addition, Plaintiff points to an email she sent to opposing counsel demanding
23   documentation to prove their licensure and professional standing, and warning that their
24   failure to respond by a certain time would constitute tacit agreement that counsel lacked
25   standing to litigate this matter.  *See* ECF 274, Ex. C.  Plaintiff argued at the motion hearing
26   that her email constituted a private contract between the parties (and possibly the Court),
27   and that opposing counsel's nonresponse obviated the need for her to abide by the Court's
28   discovery order.  It is well-settled that an unanswered demand or offer is insufficient to

8

establish a contract. *S.F. Iron & Metal Co. v. Sweet Steel Co.*, 23 F.2d 783, 785 (9th Cir. 1928) ("It is true that a mere offer made to another, does not become an agreement merely from the fact that the person to whom it is made makes no reply, even though the offer states that silence will be taken for consent."). And nothing in Plaintiff's unanswered email could constitute permission from the Court to ignore its discovery order. The Court has further addressed this argument in its orders denying Plaintiff's motion for entry of default and motion seeking leave of Court to file six motions for reconsideration. ECF 281 at 1–2; ECF 282 at 4.

### 2. The Court Dismisses the Action as to all Carmel Defendants with Prejudice

The Court notes that Plaintiff failed to comply with an order concerning discovery propounded only by the City, not all Carmel Defendants. Nonetheless, the Court finds it appropriate to dismiss this action as to all Carmel Defendants because Plaintiff herself alleges the individual Defendants are agents of the City, the ordered discovery pertained to all Carmel Defendants, and the Carmel Defendants share common counsel. *See Payne*, 121 F.3d at 510 (noting court's discretion to determine the scope of sanctions for failure to comply with a discovery order and finding it reasonable to conclude noncompliance could prejudice multiple parties). Plaintiff also did not, for example, specify that she only refuses to participate in discovery from just the City, but rather has objected to discovery and filings from any and all Carmel Defendants and their shared counsel.

Because dismissal for failure to comply with a court order under Rules 37(b) and 41(b) "operates as an adjudication on the merits," the Court dismisses this matter as to all Carmel Defendants with prejudice. *See* Fed. R. Civ. P. 41(b).

### B. No Costs or Attorney's Fees are Awarded on the Motion

Although courts typically must order a party that disobeys a discovery order to pay the opposing party's reasonable expenses, the Court finds the "circumstances make an award of expenses unjust" here. *See* Fed. R. Civ. P. 37(b)(2)(C). The Carmel Defendants did not request or itemize expenses in their motion. At the motion hearing, they also

indicated they plan to seek attorney's fees under separate statutory authority. Moreover, Plaintiff is a *pro se* litigant bringing a civil rights action. The Court does not want to dissuade other litigants who may not be able to afford counsel from bringing actions seeking to safeguard important rights.

## IV. CONCLUSION

The Court dismisses this matter as to the Carmel Defendants with prejudice. Judgment will be entered in a separate order. No costs or fees are awarded in connection with the motion.

**IT IS SO ORDERED.**

Dated: October 24, 2024      _____
                             NATHANAEL M. COUSINS
                             United States Magistrate Judge